1  Scott Kalkin, State Bar No. 120791
   **ROBOOSTOFF & KALKIN**
2  A Professional Law Corporation
   369 Pine Street, Suite 610
3  San Francisco, California 94104
   (415) 732-0282
4
   Attorney for Plaintiff Patricia Galvin
5

FILED
2007 OCT 10 P 5: 00
RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

E-FILING

Fee Paid

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Patricia Galvin, | ACTION NO.: |
| Plaintiff, | **COMPLAINT** |
| v. | C07 05195 |
| Provident Life and Accident Insurance Company as Administrator and Fiduciary of the Group Long Term Disability Plan for Heller, Ehrman, White & McAuliffe, and the Group Long Term Disability Plan for Heller, Ehrman, White & McAuliffe, | |
| Defendants. | |

JURISDICTION

1.   This action for declaratory, injunctive, and monetary relief is brought pursuant to § 502 of ERISA (29 U.S.C. § 1132), and the Declaratory Judgment Act, 28 U.S.C. § 2201. This Court has subject matter jurisdiction over plaintiff's claims pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States.

//

Complaint                                    1

## VENUE

2. Venue lies in the Northern District of California because, pursuant to ERISA § 502 (e) (2) (29 U.S.C. § 1132 (e) (2)), THE GROUP LONG TERM DISABILITY PLAN FOR HELLER, ERHMAN, WHITE & MCAULIFFE, plan identification number 94-1217308-506 (hereinafter the "PLAN"), is administered in this district and the wrongful conduct alleged herein took place in this District. Venue is also proper pursuant to 28 U.S.C. § 1391 (b), in that a substantial part of the events or omissions giving rise to plaintiff's claims occurred within this district.

## INTRADISTRICT ASSIGNMENT

3. This action should be assigned to the division in San Jose pursuant to Civil Local Rule 3-2(c) and (d) because it arose from actions that occurred in the County of Santa Clara, the location where a substantial portion of the long term disability claim which is the subject of this lawsuit was administered.

## PARTIES

4. At all relevant times, plaintiff PATRICIA GALVIN was, and is, a PARTICIPANT, as defined in ERISA § 3 (7) (29 U.S.C. § 1002 (7)), in the PLAN.

5. At all relevant times, defendant THE GROUP LONG TERM DISABILITY PLAN FOR HELLER, ERHMAN, WHITE & MCAULIFFE was an employee welfare benefit plan within the meaning of ERISA § 3 (1) (29 U.S.C. § 1002 (1)), sponsored by HELLER, ERHMAN, WHITE & MCAULIFFE and administered, at least in part, in Mountain View, California. At all relevant times, the PLAN offered long term disability benefits to the employees of HELLER, ERHMAN, WHITE & MCAULIFFE, including plaintiff, through, *inter alia*, an insurance policy issued by defendant Provident Life and Accident Insurance Company (hereinafter "UNUM") as policy number 123226-1.

6. At all relevant times, defendant UNUM was a fiduciary of the PLAN within the meaning of ERISA § 3 (21), 29 U.S.C. § 1002 (21). At all relevant times, UNUM exercised control over the payment of long term disability benefits which are PLAN assets.

7. At all relevant times, defendant UNUM was, and is, subject to the California Settlement Agreement (hereinafter the "CSA") entered into among Unum Life Insurance Company of America, Provident Life and Accident Insurance Company, the Paul Revere Life Insurance Company and the California Department of Insurance, file numbers, DISP 05045984, DISP 05045985 and DISP 05045986, in or about October of 2005. Among other things, the CSA governs the definition of disability and the standard of review applicable to the claims which are the subject of this lawsuit.

## FACTS COMMON TO ALL CLAIMS

8. Prior to her disability, plaintiff worked full-time as a tax litigation associate for the law firm of HELLER, ERHMAN, WHITE & MCAULIFFE, which is presently known as Heller, Erhman, LLP.

9. In or about January of 2003, plaintiff filed a claim for long term disability benefits with defendant UNUM and the PLAN. Plaintiff had been suffering from prolonged sickness as a result of her total disability. As a result of this, and other acute and chronic medical problems, plaintiff was found to be disabled by her treating doctor.

10. On or about August 21, 2003, defendant UNUM denied plaintiff's claim for long term disability benefits.

11. Between January of 2003 and the present, and at all other relevant times, plaintiff has complied with all terms and conditions of the PLAN.

12. On or about January 12, 2004, plaintiff temporarily returned to her prior position with Heller Erhman, LLP, subject to certain restrictions and limitations ordered by her treating doctors. On or about May 6, 2004, upon the orders of her treating doctors, she was forced to

Complaint                                3

cease work due to the same and related symptoms and injuries which had originally caused her to cease work in January of 2003.

13. Between January of 2003 and the present time, plaintiff has been, and continues to be, totally disabled under the terms of the PLAN.

14. On or about February 21, 2004, plaintiff appealed UNUM's denial of her benefits. Among other things, plaintiff sent UNUM additional documentation of her disability and asked that it pay her benefits.

15. On or about May 10, 2004, defendant UNUM denied plaintiff's administrative appeal.

16. On or about May 5, 2005, plaintiff's employer, Heller Erhman, LLP caused a second claim for long term disability benefits to be filed on plaintiff's behalf with defendant UNUM. That claim was denied on or about February 28, 2006. Plaintiff's subsequent appeal of that claim was denied on or about December 7, 2006.

17. On or about October 6, 2006, plaintiff requested that defendant UNUM reassess her claim for long term disability benefits under the provisions of the California Settlement Agreement.

18. On or about June 18, 2007, defendant UNUM determined that the decisions to deny plaintiff's claim were appropriate.

19. Plaintiff has exhausted her administrative remedies.

20. At all relevant times herein, plaintiff has been, and remains, totally disabled and entitled to benefits under the terms of the PLAN.

**FIRST CLAIM FOR RELIEF**
(Claim for Plan Benefits Pursuant to ERISA § 502(a)(1)(B))

21. Plaintiff realleges and incorporates as though set forth in full the allegations contained in paragraphs 1 through 20 of this complaint.

22. The PLAN provides in pertinent part, that:

> During the Own Occupation Period, you are Disabled from your Own Occupation if due to your Sickness or Injury you:
>
> 1. Are unable to earn at least the Own Occupation Income Level; or
>
> 2. Are unable to perform each of the material duties of the occupation that you regularly perform for the employer or, if a physician or attorney, unable to perform each of the material duties of your specialty in the practice of medicine or law.

23. The California settlement Agreement provides, in pertinent part, that:

> Total Disability Shall be defined in California Contracts during the usual or own-occupation period as: a disability that renders one unable to perform with reasonable continuity the substantial and material acts necessary to pursue his or her occupation in the usual and customary way.

24. ERISA § 502(a)(1)(B) (29 U.S.C. § 1132 (a)(1)(B)), permits a participant in a plan to bring a civil action to recover benefits due to her under the terms of a plan, to enforce her rights under the terms of a plan, and/or clarify her rights to future benefits under the terms of a plan.

25. By, *inter alia*, failing to pay plaintiff long-term disability benefits, despite her complying with the PLAN's requirement of submitting written evidence of her total disability; and by relying on a standard of proof not articulated in the PLAN's provisions, or the CSA, defendants have violated, and continue to violate, the terms of the PLAN and plaintiff's rights thereunder.

**WHEREFORE,** plaintiff prays that the Court enter judgment against the defendants, and each of them, as is hereinafter set forth.

//

//

Complaint                                                              5

## SECOND CLAIM FOR RELIEF
(For Equitable Relief Under ERISA §502(a)(3))

26. Plaintiff incorporates as though set forth in full the allegations contained in paragraphs 1 through 25 of this complaint.

27. ERISA § 502(a)(3) (29 U.S.C. § 1132 (a)(3)), permits a participant in a plan to bring a civil action to obtain equitable relief to redress any act or practice which violates the terms of a plan or ERISA, or to enforce any term(s) of the plan or of ERISA.

28. In refusing to pay the benefits at issue herein, defendants have violated the terms of the PLAN, the CSA, the applicable Department of Labor Regulations, and ERISA by its acts, including, but not limited to: breaching its fiduciary duties under ERISA § 404 (29 U.S.C. § 1104); violating the terms of the PLAN; violating the terms of the CSA, failing to furnish plaintiff with documents relating to her claim for benefits within the specified time period; acting in bad faith by terminating her claim in reliance upon a standard not set forth in the PLAN or the CSA; failing to provide plaintiff with a description of what was needed to perfect her claim; and ignoring without justification, evidence, medical records and physicians' opinions which support plaintiff's claim.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays that the Court enter judgment against the defendants, and each of them, as follows:

A. Declare that defendants, and each of them, violated the terms of the PLAN, the CSA, and plaintiff's rights thereunder by failing to pay plaintiff her long-term disability benefits;

B. Order defendants to pay plaintiff all long-term disability benefits due her pursuant to the terms of the PLAN, together with prejudgment interest on each and every such monthly payment through the date judgment is entered herein;

C. Declare plaintiff's right to receive future long term disability benefit payments

under the terms of the PLAN and the CSA;

D.  Declare that UNUM has breached its fiduciary duty to plaintiff and the PLAN and enjoin UNUM from further breaches of its fiduciary duty;

E.  Remove UNUM as a fiduciary of the PLAN and replace UNUM with an independent fiduciary;

F.  Award plaintiff pre-judgment interest on all monies requested herein;

G.  Award plaintiff reasonable attorneys' fees and costs of suit incurred herein pursuant to ERISA § 502(g) (29 U.S.C. § 1132(g));

H.  Assess penalties against defendants pursuant to 29 U.S.C. § 1132(c) and the applicable Department of Labor Regulations for each failure to timely produce documents and information; and

I.  Provide such other relief as the Court deems equitable and just.

**ROBOOSTOFF & KALKIN**

Dated: October 9, 2007        By: _____
                                  Scott Kalkin
                                  Attorneys for plaintiff