THOMAS M. HERLIHY (SBN 83615)
JOHN C. FERRY (SBN 104411)
KELLY, HERLIHY & KLEIN LLP
44 Montgomery Street, Suite 2500
San Francisco, CA 94104-4798
Tel.:  (415) 951-0535
Fax:  (415) 391-7808
Email: herlihy@kelher.com
         jferry@kelher.com

Attorneys for Defendant
PROVIDENT LIFE AND ACCIDENT
INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA GALVIN,<br><br>              Plaintiff,<br><br>       vs.<br><br>PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY as Administrator and Fiduciary of the GROUP LONG TERM DISABILITY PLAN for HELLER, ERHMAN, WHITE & MCAULIFFE, and the GROUP LONGER TERM DISABILITY PLAN for HELLER, ERHMAN, WHITE & MCAULIFFE,<br><br>              Provident. | Case No.:  C07-05195 RS<br><br>**DEFENDANT PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT** |

Defendant Provident Life and Accident Insurance Company ("Provident") responding for itself, and for no other defendant, answers Plaintiff Patricia Galvin's ("plaintiff") Complaint in this matter ("the complaint") as follows:

## JURISDICTION

1. Answering the allegations of paragraph 1 of the complaint, Provident admits the allegations.

## VENUE

2. Answering the allegations of paragraph 2 of the complaint, Provident denies that any wrongful conduct took place and admits that venue is proper in this judicial district.

## INTRADISTRICT ASSIGNMENT

3. Answering the allegations of paragraph 3 of the complaint, Provident admits the allegations.

## PARTIES

4. Answering the allegations of paragraph 4 of the complaint, Provident admits the allegations.

5. Answering the allegations of paragraph 5 of the complaint, Provident admits that it issued an insurance policy to the Heller Long Term Disability Plan but is without information or belief to answer the remaining allegations of said paragraph and on that ground, denies said allegations.

6. Answering the allegations of paragraph 6 of the complaint, Provident responds that the Plan documents and the ERISA statute speak for themselves. Provident further responds that this allegations calls for a legal conclusion

7. Answering the allegations of paragraph 7 of the complaint, Provident admits that it is a signatory to the California Settlement Agreement but denies the remaining allegations of said paragraph on the grounds that the specific references are taken out of context from the entire document which must be read as a whole.

///

**FACTS COMMON TO ALL CLAIMS**

8. Answering the allegations of paragraph 8 of the complaint, Provident is without information or belief to answer the allegations of said paragraph and on that ground, denies said allegations.

9. Answering the allegations of paragraph 9 of the complaint, Provident admits that plaintiff filed a claim for long term disability benefits in or about January, 2003, but denies each and every remaining allegation of said paragraph and specifically denies that plaintiff is disabled.

10. Answering the allegations of paragraph 10 of the complaint, Provident admits the allegations.

11. Answering the allegations of paragraph 11 of the complaint, Provident denies the allegations.

12. Answering the allegations of paragraph 12 of the complaint, Provident denies the allegations.

13. Answering the allegations of paragraph 13 of the complaint, Provident denies the allegations.

14. Answering the allegations of paragraph 14 of the complaint, Provident admits that plaintiff appealed the denial of her benefits but denies the remaining allegations of said paragraph and specifically denies that plaintiff is entitled to any benefits under the policy.

15. Answering the allegations of paragraph 15 of the complaint, Provident admits the allegations.

16. Answering the allegations of paragraph 16 of the complaint, Provident admits that plaintiff filed a second claim for disability benefits, that the claim was denied and that the appeal of that claim was denied. Provident is without information or belief to answer the remaining allegations of said paragraph and on that ground, denies said allegations.

17. Answering the allegations of paragraph 17 of the complaint, Provident admits the allegations.

18. Answering the allegations of paragraph 18 of the complaint, Provident admits the allegations.

1  19. Answering the allegations of paragraph 19 of the complaint, Provident denies the
2 allegations.
3  20. Answering the allegations of paragraph 20 of the complaint, Provident denies the
4 allegations.

## FIRST CLAIM FOR RELIEF

6  21. Answering the allegations of paragraph 21 of the complaint, Provident realleges
7 and incorporates by reference herein its responses to paragraphs 1-20 above.
8  22. Answering the allegations of paragraph 22 of the complaint, Provident states that
9 the Plan documents speak for themselves and that the quote is taken out of context from the
10 entire document which must be read as a whole.
11  23. Answering the allegations of paragraph 23 of the complaint, Provident states that
12 the California Settlement Agreement speaks for itself and that the quote is taken out of context
13 from the entire document which must be read as a whole.
14  24. Answering the allegations of paragraph 24, of the complaint, Provident states that
15 the ERISA statute speaks for itself and that the quote is taken out of context from the entire
16 statute which must be read as a whole.
17  25. Answering the allegations of paragraph 25 of the complaint, Provident denies the
18 allegations set forth therein.

## SECOND CLAIM FOR RELIEF

20  26. Answering the allegations of paragraph 26 of the complaint, Provident realleges
21 and incorporates by reference herein its responses to paragraphs 1-25 above.
22  27. Answering the allegations of paragraph 27 of the complaint, Provident states that
23 the ERISA statute speaks for itself and that the citation is taken out of context from the entire
24 statute which must be read as a whole.
25  28. Answering the allegations of paragraph 28 of the complaint, Provident denies the
26 allegations set forth therein.
27 ///
28 ///

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

As a first affirmative defense, Provident alleges that plaintiff's claims for relief, subject to court determination, are interpreted pursuant to The Employee Retirement Income Security Act ("ERISA").

### SECOND AFFIRMATIVE DEFENSE

As a second affirmative defense, Provident alleges that neither plaintiff's complaint nor any claim for relief therein state facts sufficient to constitute a cause of action against Provident.

### THIRD AFFIRMATIVE DEFENSE

As a third affirmative defense, Provident alleges, on information and belief, that through plaintiff's conduct, to be determined by the court as comparative or contributory fault, plaintiff has waived and relinquished, or is estopped to assert, every claim for relief asserted in her complaint.

### FOURTH AFFIRMATIVE DEFENSE

As a fourth affirmative defense, Provident alleges, on information and belief, that any damages sustained by plaintiff by reason of the events alleged in her complaint were proximately caused or contributed to by plaintiff's conduct, to be determined by the court.

### FIFTH AFFIRMATIVE DEFENSE

As a fifth affirmative defense, Provident alleges, on information and belief, that plaintiff's damages and/or policy benefits, to be determined by the court, are subject to reduction and/or elimination pursuant to offset and/or policy limitations.

### SIXTH AFFIRMATIVE DEFENSE

As a sixth affirmative defense, Provident alleges that plaintiff has failed to satisfy all conditions precedent to receipt of benefits under the policy.

### SEVENTH AFFIRMATIVE DEFENSE

As a seventh affirmative defense, Provident alleges, on information and belief, that plaintiff, as to be determined by the court, is barred and estopped by the equitable doctrine of unclean hands from seeking or obtaining any recovery against Provident by reason of her

1 complaint.

## EIGHTH AFFIRMATIVE DEFENSE

As an eighth affirmative defense, Provident denies that plaintiff has sustained any injury or damage by any act or omission by Provident. However, if it is established that plaintiff suffered an injury or damage for which Provident is held liable, Provident alleges that such injury or damage is to be determined by the court as proximately caused or contributed to by the intervening negligence or wrongful acts of plaintiff, or others acting for or on her behalf and that those negligent and/or wrongful acts by plaintiff or others, eliminate and/or reduce any damages plaintiff can recover from Provident in this action.

## NINTH AFFIRMATIVE DEFENSE

As a ninth affirmative defense, Provident alleges that any and all losses or damages sustained by plaintiff, as a result of the occurrences alleged in the complaint, are to be determined by the court as proximately caused in whole or in part by the negligence or fault of persons or entities other than Provident, and for whom Provident is not responsible. The negligence and fault of other persons or entities eliminates or reduces any damages plaintiff may recover from Provident in this action.

## TENTH AFFIRMATIVE DEFENSE

As a tenth affirmative defense, Provident alleges that plaintiff, as to be determined by the court, failed to exercise reasonable care and diligence to mitigate her damages, if she has any. As a consequence, plaintiff's claim should be barred, or alternatively, any damages awarded to plaintiff should be reduced in proportion to plaintiff's fault in failing to mitigate her damages.

## ELEVENTH AFFIRMATIVE DEFENSE

As an eleventh affirmative defense, Provident alleges that plaintiff's claims for relief, as to be determined by the court, are barred by the principle of unjust enrichment.

## TWELFTH AFFIRMATIVE DEFENSE

As a twelfth affirmative defense, Provident allege that each and every act or statement done or made by Provident, or by Provident agents or employees, with reference to plaintiff, before and after plaintiff filed her original complaint, was privileged as a good faith assertion of

1  Provident' legal and contractual rights.

## THIRTEENTH AFFIRMATIVE DEFENSE

As a thirteenth affirmative defense, Provident alleges that plaintiff is not entitled to any further benefits or any other compensation from Provident.

## FOURTEENTH AFFIRMATIVE DEFENSE

As a fourteenth affirmative defense, Provident alleges that plaintiff's claims for relief are barred by the parol evidence rule.

## FIFTEENTH AFFIRMATIVE DEFENSE

As a fifteenth affirmative defense, Provident alleges that plaintiff's complaint is barred by the applicable statutes of limitations.

## SIXTEENTH AFFIRMATIVE DEFENSE

As a sixteenth affirmative defense, Provident alleges that the claim decision was correct and proper under the terms of the policy.

## SEVENTEENTH AFFIRMATIVE DEFENSE

As a seventeenth affirmative defense, Provident alleges that plaintiff, by virtue of the legal doctrines of waiver and laches, as to be determined by the court, is estopped from pursuing some or all of the claims alleged against Provident.

## EIGHTEENTH AFFIRMATIVE DEFENSE

As an eighteenth affirmative defense, Provident alleges that plaintiff is not entitled to, attorneys' fees, or damages in the amount of future benefits pursuant to any of the claims for relief alleged in her complaint.

## NINETEENTH AFFIRMATIVE DEFENSE

As a nineteenth affirmative defense, Provident alleges that plaintiff's damage claim, if any, is limited by the provisions of Insurance Code Section 10111.

## TWENTIETH AFFIRMATIVE DEFENSE

As a twentieth affirmative defense, Provident alleges that the Court should employ the abuse of discretion standard of review.

///

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

As a twenty-first affirmative defense, Provident alleges that plaintiff's complaint and each and every cause of action therein, is barred by plaintiff's failure to exhaust her administrative remedies.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

As a twenty-second affirmative defense, Provident reserves its right to assert additional defenses based on information gathered in the course of additional investigation and discovery.

**PRAYER FOR RELIEF**

WHEREFORE, Provident pray for judgment to be determined by the court in its favor as follows:

1. That plaintiff take nothing by reason of her complaint on file herein;
2. That Provident be awarded its costs and expenses incurred in this action;
3. That Provident be awarded its attorneys' fees incurred in this action; and
4. That Provident recover such other and further relief as the court may deem just and proper.

KELLY, HERLIHY & KLEIN LLP

Dated: December __, 2007          By_____/s/_____
                                            John C. Ferry
                                        Attorneys for Defendant
                                PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY

E:\27269\P01.doc

-7-

DEFENDANT PROVIDENT'S ANSWER TO PLAINTIFF'S COMPLAINT

Case No.:   C07-05195 RS