Scott Kalkin, State Bar No. 120791
**ROBOOSTOFF & KALKIN**
A Professional Law Corporation
369 Pine Street, Suite 610
San Francisco, California 94104
(415) 732-0282

Attorney for Plaintiff Patricia Galvin

Thomas M. Herlihy, State Bar No. 83615
John C. Ferry, State Bar No. 104411
**KELLY, HERLIHY & KLEIN LLP**
44 Montgomery Street, Suite 2500
San Francisco, California 94104
(415) 951-0535

Attorneys for Defendants
Provident Life and Accident Insurance
Company as Administrator and Fiduciary
of the Group Long Term Disability Plan
for Heller, Erhman, White & McAuliffe, and
the Group Long Term Disability Plan
for Heller, Erhman, White & McAuliffe

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Patricia Galvin,  )<br><br>                    Plaintiff,  )<br><br>v.  )<br><br>Provident Life and Accident Insurance  )<br>Company as Administrator and Fiduciary  )<br>of the Group Long Term Disability Plan  )<br>for Heller, Erhman, White & McAuliffe, and  )<br>the Group Long Term Disability Plan  )<br>for Heller, Erhman, White & McAuliffe,  )<br><br>                    Defendants.  )<br>_____ ) | No: C 07-05195 JF<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:  February 1, 2008<br>Time: 10:30 a.m.<br>Dept: Courtroom 3, 5th floor |

_____

JOINT CASE MANAGEMENT STATEMENT
ACTION NO: C 07-05195 JF

1    Pursuant to the Court's Initial Case Management Scheduling Order in the above-entitled

2    action, the parties, through their counsel of record, jointly submit this Case Management

3    Statement.

4                                    **JURISDICTION.**

5    This action for declaratory, injunctive, and monetary relief is brought pursuant to § 502

6    of ERISA (29 U.S.C. § 1132), and the Declaratory Judgment Act, 28 U.S.C. § 2201.  This

7    Court has subject matter jurisdiction over plaintiff's claims pursuant to 28 U.S.C. § 1331

8    because this action arises under the laws of the United States.

9    Defendant Provident Life has filed its answer in this matter.  Defendant, the Group Long

10   Term Disability Plan for Heller, Erhman, White & McAuliffe, was personally served with the

11   summons, complaint and associated documents on November 7, 2007, and will be responding

12   to the complaint by January 25, 2008.  There are no other unserved parties to this action, nor

13   do  the parties currently have any intent to join any additional parties in this matter.

14                        **BRIEF DESCRIPTION OF THE CASE.**

15   Plaintiff, Patricia Galvin, has brought this case claiming entitlement to long-term

16   disability benefits under the terms of a long-term disability plan obtained through her former

17   employer Heller, Erhman, White & McAuliffe (hereinafter "the Plan") where she was employed

18   as an attorney.  The Plan at issue is governed by the provisions of the Employee Retirement

19   Income Security Act of 1974 (ERISA) 28 U.S.C. section 1001, *et seq*.

20   In January of 2003, plaintiff filed a claim for long-term disability benefits claiming that

21   she was totally disabled.  Plaintiff's claim for disability benefits was sent to defendant

22   Provident Life and Accident Insurance Company (hereinafter "UNUM"), the claim administrator

23   under the Plan.

24   After receipt and review of the claim for disability benefits, defendant UNUM denied

25   plaintiff's claim on or about August 21, 2003.  UNUM's decision to deny benefits was upheld

26   _____

27   JOINT CASE MANAGEMENT STATEMENT
     ACTION NO: C 07-05195 JF
28                                              -1-

1  on administrative appeal.

2      On or about October 6, 2006, plaintiff requested that defendant UNUM reassess her

3  claim for long term disability benefits under the provisions of the California Settlement

4  Agreement (hereinafter the "CSA") which defendant UNUM entered into with the California

5  Department of Insurance.[1]

6      On or about June 18, 2007, defendant UNUM determined that the decisions to deny

7  plaintiff's claim(s) were appropriate.

8  **LEGAL ISSUES.**

9      One factual issue in dispute between the parties is whether plaintiff is/ was totally

10  disabled under the terms of the Plan.  An additional factual dispute involves whether plaintiff

11  is entitled to disability benefits under the terms of the Plan.

12      The principal legal issues in dispute are: 1) the proper standard and scope of review

13  this Court should apply in resolving this case and how the CSA relates to disposition of this

14  question; 2) whether the Court's review is limited to the administrative record or whether

15  consideration of additional evidence will be allowed; 3) whether plaintiff and defendants have

16  fulfilled their respective duties under the terms of the Plan; 4) whether plaintiff is entitled to

17  payment of her claim for disability benefits under the Plan; and 5) whether either party is

18  entitled to attorney's fees under the facts of this case.

19  **MOTIONS.**

20      The parties presently anticipate that this case will be resolved either by way of a one

21  day court trial, or on cross-motions for summary judgment, depending on the Court's

22  preference.  Defendants wish to explore the possibility of filing a preliminary motion to

23  _____

24      [1]. Among other things, the CSA provided that UNUM would provide certain claimants

25  with an opportunity to have the denial of their long term disability claims re-reviewed and set
   forth a standard of review for such claims.

26  _____

27  JOINT CASE MANAGEMENT STATEMENT
   ACTION NO: C 07-05195 JF

28

1    determine the applicable standard of review.  No other motions are currently anticipated.

2    **AMENDMENT OF PLEADINGS.**

3    The parties do not anticipate amending their respective pleadings at this time.

4    **EVIDENCE PRESERVATION.**

5    Except as otherwise noted herein, the parties presently anticipate that the evidence in

6    this case will consist only of the administrative record.  As such, they are presently unaware

7    of any issues relating to evidence preservation.

8    **DISCLOSURES.**

9    Plaintiff and defendants anticipate that they will complete their initial disclosures

10   pursuant to Civil Local Rule 16-5 by January 31, 2008.

11   **DISCOVERY.**

12   Plaintiff requests an allowance of discovery by interrogatories, requests for production,

13   requests for admissions and depositions of various claims/ medical personnel involved in the

14   claims decisions in this matter.  Defendants contend that discovery is improper because the

15   Court's review will be limited to the administrative record before UNUM at the time of its claims

16   decision(s).

17   **RELIEF.**

18   The disability plan at issue provides that subject to certain offsets and a ninety (90) day

19   eliminations period, plaintiff shall receive two thirds of her monthly earnings if she is "disabled"

20   under the terms of the plan.  At issue are benefits from January of 2003 through the present,

21   less applicable offsets.  Additionally, should she prevail, plaintiff will be seeking interest on her

22   unpaid benefits and an award of attorney's fees pursuant to 29 U.S.C. § 1132(g).

23   **SETTLEMENT AND ALTERNATE DISPUTE RESOLUTION.**

24   Pursuant to the Court's scheduling order, the parties filed a Notice of Need for ADR

25   Phone Conference on January 9, 2008.  The parties are currently attempting to agree on

26   

27   JOINT CASE MANAGEMENT STATEMENT
     ACTION NO: C 07-05195 JF

28

whether mediation or evaluation through the Court's mediation or ENE program, mediation through a private mediator, or a settlement conference before a magistrate judge, would best promote a settlement of this matter.

## CONSENT TO MAGISTRATE JUDGE.

The parties do not consent to a magistrate judge conducting all further proceedings in this matter.

## OTHER REFERENCES.

The parties do not believe this matter is appropriate for binding arbitration or any other type of reference.

## NARROWING OF ISSUES.

As set forth above, this is a relatively straight forward ERISA denial of benefits case. With the possible exception of determining what standard of review the court will apply to this matter, the parties do not currently perceive a need for further narrowing of the issues to be resolved.

## SCHEDULING.

The parties request a trial date in the latter part of 2008.  This trial date will allow for all appropriate summary judgment motions to be concluded in this case.  It will further allow the parties to explore the possibility of settlement with the benefit of the information obtained through their initial disclosures and discovery.

The parties expect this will be a court trial and estimate it will last one day.

## DISCLOSURE OF NON-PARTY INTERESTED ENTITIES.

Pursuant to Local Rule 3-16 (b)(3) the parties certify that no interests are known other than the following:

Plaintiff:  Patricia J. Galvin.

JOINT CASE MANAGEMENT STATEMENT
ACTION NO: C 07-05195 JF

-4-

1    Defendants:  Provident Life and Accident Insurance Company; Heller, Ehrman, White

2  & McAuliffe Group Long Term Disability Plan.

3

4                                            Respectfully submitted,

5                                            **ROBOOSTOFF & KALKIN**

6

7

8  Dated: January 22, 2008               By:_____

9                                            Scott Kalkin
                                            Attorneys for Plaintiff

10

11                                           **KELLY, HERLIHY & KLEIN LLP**

12

13 Dated:  January 22, 2008              By:_____
                                            John C. Ferry

14                                           Attorneys for Defendants
                                            Provident Life and Accident Insurance

15                                           Company as Administrator and Fiduciary
                                            of the Group Long Term Disability Plan

16                                           for Heller, Erhman, White & McAuliffe, and
                                            the Group Long Term Disability Plan
                                            for Heller, Erhman, White & McAuliffe

17

18

19

20

21

22

23

24

25

26  _____

27  JOINT CASE MANAGEMENT STATEMENT
    ACTION NO: C 07-05195 JF

28                                        -5-