THOMAS M. HERLIHY (SBN 83615)
JOHN C. FERRY (SBN 104411)
KELLY, HERLIHY & KLEIN LLP
44 Montgomery Street, Suite 2500
San Francisco, CA 94104-4798
Tel.: (415) 951-0535
Fax: (415) 391-7808
Email: herlihy@kelher.com
       jferry@kelher.com

Attorneys for Defendant s
PROVIDENT LIFE AND ACCIDENT
INSURANCE COMPANY and GROUP
LONG TERM DISABILITY PLAN
for HELLER, ERHMAN, WHITE & MCAULIFFE

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA GALVIN, <br><br> Plaintiff, <br><br> vs. <br><br> PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY as Administrator and Fiduciary of the GROUP LONG TERM DISABILITY PLAN for HELLER, ERHMAN, WHITE & MCAULIFFE, and the GROUP LONG TERM DISABILITY PLAN for HELLER, ERHMAN, WHITE & MCAULIFFE, <br><br> The Plan. | Case No.: C07-05195 JF <br><br> **DEFENDANT GROUP LONG TERM DISABILITY PLAN for HELLER, ERHMAN, WHITE & MCAULIFFE'S ANSWER TO PLAINTIFF'S COMPLAINT** |

Defendant Group Long Term Disability Plan for Heller, Erhman, White & McAuliffe ("the Plan") responding for itself, and for no other defendant, answers Plaintiff Patricia Galvin's ("plaintiff") Complaint in this matter ("the complaint") as follows:

## JURISDICTION

1. Answering the allegations of paragraph 1 of the complaint, the Plan admits the allegations.

## VENUE

2. Answering the allegations of paragraph 2 of the complaint, the Plan denies that any wrongful conduct took place and admits that venue is proper in this judicial district.

## INTRADISTRICT ASSIGNMENT

3. Answering the allegations of paragraph 3 of the complaint, the Plan admits the allegations.

## PARTIES

4. Answering the allegations of paragraph 4 of the complaint, the Plan admits the allegations.

5. Answering the allegations of paragraph 5 of the complaint, the Plan admits that it was insured under an insurance policy issued by defendant Provident Life and Accident Insurance Company but that the Plan documents speak for themselves.

6. Answering the allegations of paragraph 6 of the complaint, the Plan responds that the Plan documents and the ERISA statute speak for themselves. The Plan further responds that this allegations calls for a legal conclusion

7. Answering the allegations of paragraph 7 of the complaint, the Plan is without information or belief to answer the allegations of said paragraph and on that ground, denies said allegations.

///

///

///

-1-

DEFENDANT LTD PLAN'S ANSWER TO PLAINTIFF'S COMPLAINT

Case No.:  C07-05195 JF

**FACTS COMMON TO ALL CLAIMS**

8. Answering the allegations of paragraph 8 of the complaint, the Plan admits the allegations.

9. Answering the allegations of paragraph 9 of the complaint, the Plan admits that plaintiff filed a claim for long term disability benefits in or about January, 2003, but denies each and every remaining allegation of said paragraph and specifically denies that plaintiff is disabled.

10. Answering the allegations of paragraph 10 of the complaint, the Plan admits the allegations.

11. Answering the allegations of paragraph 11 of the complaint, the Plan denies the allegations.

12. Answering the allegations of paragraph 12 of the complaint, the Plan denies the allegations.

13. Answering the allegations of paragraph 13 of the complaint, the Plan denies the allegations.

14. Answering the allegations of paragraph 14 of the complaint, the Plan admits that plaintiff appealed the denial of her benefits but denies the remaining allegations of said paragraph and specifically denies that plaintiff is entitled to any benefits under the policy.

15. Answering the allegations of paragraph 15 of the complaint, the Plan admits the allegations.

16. Answering the allegations of paragraph 16 of the complaint, the Plan admits that plaintiff filed a second claim for disability benefits, that the claim was denied and that the appeal of that claim was denied. The Plan denies all other remaining allegations of said paragraph.

17. Answering the allegations of paragraph 17 of the complaint, the Plan admits the allegations.

18. Answering the allegations of paragraph 18 of the complaint, the Plan admits the allegations.

19. Answering the allegations of paragraph 19 of the complaint, the Plan denies the allegations.

1    20.    Answering the allegations of paragraph 20 of the complaint, the Plan denies the allegations.

### FIRST CLAIM FOR RELIEF

21.    Answering the allegations of paragraph 21 of the complaint, the Plan realleges and incorporates by reference herein its responses to paragraphs 1-20 above.

22.    Answering the allegations of paragraph 22 of the complaint, the Plan states that the Plan documents speak for themselves and that the quote is taken out of context from the entire document which must be read as a whole.

23.    Answering the allegations of paragraph 23 of the complaint, the Plan is without information or belief to answer the allegations of said paragraph and on that ground, denies said allegations.

24.    Answering the allegations of paragraph 24, of the complaint, the Plan states that the ERISA statute speaks for itself and that the quote is taken out of context from the entire statute which must be read as a whole.

25.    Answering the allegations of paragraph 25 of the complaint, the Plan denies the allegations set forth therein.

### SECOND CLAIM FOR RELIEF

26.    Answering the allegations of paragraph 26 of the complaint, the Plan realleges and incorporates by reference herein its responses to paragraphs 1-25 above.

27.    Answering the allegations of paragraph 27 of the complaint, the Plan states that the ERISA statute speaks for itself and that the citation is taken out of context from the entire statute which must be read as a whole.

28.    Answering the allegations of paragraph 28 of the complaint, the Plan denies the allegations set forth therein.

///
///
///
///

DEFENDANT LTD PLAN'S ANSWER TO PLAINTIFF'S COMPLAINT

Case No.:   C07-05195 JF

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

As a first affirmative defense, the Plan alleges that plaintiff's claims for relief, subject to court determination, are interpreted pursuant to The Employee Retirement Income Security Act ("ERISA").

### SECOND AFFIRMATIVE DEFENSE

As a second affirmative defense, the Plan alleges that neither plaintiff's complaint nor any claim for relief therein state facts sufficient to constitute a cause of action against the Plan.

### THIRD AFFIRMATIVE DEFENSE

As a third affirmative defense, the Plan alleges, on information and belief, that through plaintiff's conduct, to be determined by the court as comparative or contributory fault, plaintiff has waived and relinquished, or is estopped to assert, every claim for relief asserted in her complaint.

### FOURTH AFFIRMATIVE DEFENSE

As a fourth affirmative defense, the Plan alleges, on information and belief, that any damages sustained by plaintiff by reason of the events alleged in her complaint were proximately caused or contributed to by plaintiff's conduct, to be determined by the court.

### FIFTH AFFIRMATIVE DEFENSE

As a fifth affirmative defense, the Plan alleges, on information and belief, that plaintiff's damages and/or policy benefits, to be determined by the court, are subject to reduction and/or elimination pursuant to offset and/or policy limitations.

### SIXTH AFFIRMATIVE DEFENSE

As a sixth affirmative defense, the Plan alleges that plaintiff has failed to satisfy all conditions precedent to receipt of benefits under the policy.

### SEVENTH AFFIRMATIVE DEFENSE

As a seventh affirmative defense, the Plan alleges, on information and belief, that plaintiff, as to be determined by the court, is barred and estopped by the equitable doctrine of unclean hands from seeking or obtaining any recovery against the Plan by reason of her

1 complaint.

## EIGHTH AFFIRMATIVE DEFENSE

3 As an eighth affirmative defense, the Plan denies that plaintiff has sustained any injury or damage by any act or omission by the Plan.  However, if it is established that plaintiff suffered an injury or damage for which the Plan is held liable, the Plan alleges that such injury or damage is to be determined by the court as proximately caused or contributed to by the intervening negligence or wrongful acts of plaintiff, or others acting for or on her behalf and that those negligent and/or wrongful acts by plaintiff or others, eliminate and/or reduce any damages plaintiff can recover from the Plan in this action.

## NINTH AFFIRMATIVE DEFENSE

11 As a ninth affirmative defense, the Plan alleges that any and all losses or damages sustained by plaintiff, as a result of the occurrences alleged in the complaint, are to be determined by the court as proximately caused in whole or in part by the negligence or fault of persons or entities other than the Plan, and for whom the Plan is not responsible.  The negligence and fault of other persons or entities eliminates or reduces any damages plaintiff may recover from the Plan in this action.

## TENTH AFFIRMATIVE DEFENSE

18 As a tenth affirmative defense, the Plan alleges that plaintiff, as to be determined by the court, failed to exercise reasonable care and diligence to mitigate her damages, if she has any. As a consequence, plaintiff's claim should be barred, or alternatively, any damages awarded to plaintiff should be reduced in proportion to plaintiff's fault in failing to mitigate her damages.

## ELEVENTH AFFIRMATIVE DEFENSE

23 As an eleventh affirmative defense, the Plan alleges that plaintiff's claims for relief, as to be determined by the court, are barred by the principle of unjust enrichment.

## TWELFTH AFFIRMATIVE DEFENSE

26 As a twelfth affirmative defense, the Plan alleges that each and every act or statement done or made by the Plan, or by the Plan agents or employees, with reference to plaintiff, before and after plaintiff filed her original complaint, was privileged as a good faith assertion of the

1 | Plan's legal and contractual rights.

## THIRTEENTH AFFIRMATIVE DEFENSE

As a thirteenth affirmative defense, the Plan alleges that plaintiff is not entitled to any further benefits or any other compensation under the Plan.

## FOURTEENTH AFFIRMATIVE DEFENSE

As a fourteenth affirmative defense, the Plan alleges that plaintiff's claims for relief are barred by the parol evidence rule.

## FIFTEENTH AFFIRMATIVE DEFENSE

As a fifteenth affirmative defense, the Plan alleges that plaintiff's complaint is barred by the applicable statutes of limitations.

## SIXTEENTH AFFIRMATIVE DEFENSE

As a sixteenth affirmative defense, the Plan alleges that the claim decision was correct and proper under the terms of the policy.

## SEVENTEENTH AFFIRMATIVE DEFENSE

As a seventeenth affirmative defense, the Plan alleges that plaintiff, by virtue of the legal doctrines of waiver and laches, as to be determined by the court, is estopped from pursuing some or all of the claims alleged against the Plan.

## EIGHTEENTH AFFIRMATIVE DEFENSE

As an eighteenth affirmative defense, the Plan alleges that plaintiff is not entitled to attorneys' fees or damages in the amount of future benefits pursuant to any of the claims for relief alleged in her complaint.

## NINETEENTH AFFIRMATIVE DEFENSE

As a nineteenth affirmative defense, the Plan alleges that plaintiff's damage claim, if any, is limited by the provisions of Insurance Code Section 10111.

## TWENTIETH AFFIRMATIVE DEFENSE

As a twentieth affirmative defense, the Plan alleges that the Court should employ the abuse of discretion standard of review.

///

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

As a twenty-first affirmative defense, the Plan alleges that plaintiff's complaint and each and every cause of action therein, is barred by plaintiff's failure to exhaust her administrative remedies.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

As a twenty-second affirmative defense, the Plan reserves its right to assert additional defenses based on information gathered in the course of additional investigation and discovery.

**PRAYER FOR RELIEF**

WHEREFORE, the Plan prays for judgment to be determined by the court in its favor as follows:

1. That plaintiff take nothing by reason of her complaint on file herein;
2. That the Plan be awarded its costs and expenses incurred in this action;
3. That the Plan be awarded its attorneys' fees incurred in this action; and
4. That the Plan recover such other and further relief as the court may deem just and proper.

KELLY, HERLIHY & KLEIN LLP

Dated: January __, 2008    By_____/s/_____
John C. Ferry
Attorneys for Defendants
PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY and GROUP LONGER TERM DISABILITY PLAN for HELLER, ERHMAN, WHITE & MCAULIFFE

E:\27269\P02.doc

-7-

DEFENDANT LTD PLAN'S ANSWER TO PLAINTIFF'S COMPLAINT
Case No.:  C07-05195 JF