1  Scott Kalkin, State Bar No. 120791
   **ROBOOSTOFF & KALKIN**
2  A Professional Law Corporation
   369 Pine Street, Suite 610
3  San Francisco, California 94104
   (415) 732-0282
4
   Attorney for Plaintiff Patricia Galvin
5

6  Thomas M. Herlihy, State Bar No. 83615
   John C. Ferry, State Bar No. 104411
7  **KELLY, HERLIHY & KLEIN LLP**
   44 Montgomery Street, Suite 2500
8  San Francisco, California 94104
   (415) 951-0535
9
   Attorneys for Defendants
10 Provident Life and Accident Insurance
   Company as Administrator and Fiduciary
11 of the Group Long Term Disability Plan
   for Heller, Erhman, White & McAuliffe, and
12 the Group Long Term Disability Plan
   for Heller, Erhman, White & McAuliffe
13

14
                    IN THE UNITED STATES DISTRICT COURT
15
                   FOR THE NORTHERN DISTRICT OF CALIFORNIA
16

17 Patricia Galvin,                              )  No: C 07-05195 JF
                                                 )
18                Plaintiff,                     )
   v.                                            )  **JOINT CASE MANAGEMENT**
19                                               )  **STATEMENT**
                                                 )
20 Provident Life and Accident Insurance         )  Date: April 4, 2008
   Company as Administrator and Fiduciary        )  Time: 10:30 a.m.
21 of the Group Long Term Disability Plan        )  Dept: Courtroom 3, 5th Floor
   for Heller, Erhman, White & McAuliffe, and    )
22 the Group Long Term Disability Plan           )
   for Heller, Erhman, White & McAuliffe,        )
23                                               )
                  Defendants.                    )
24 _____)

25

26

27 JOINT CASE MANAGEMENT STATEMENT
   ACTION NO: C 07-05195 JF
28                                    1

Pursuant to the Court's Order of February 1, 2008, the parties, through their counsel of record, jointly submit this Further Case Management Statement.

**JURISDICTION.**

This action for declaratory, injunctive, and monetary relief is brought pursuant to § 502 of ERISA (29 U.S.C. § 1132), and the Declaratory Judgment Act, 28 U.S.C. § 2201. This Court has subject matter jurisdiction over plaintiff's claims pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States.

Defendants Provident Life and the Group Long Term Disability Plan for Heller, Erhman, White & McAuliffe have filed their answers in this matter. There are no other unserved parties to this action, nor do the parties currently have any intent to join any additional parties in this matter.

**BRIEF DESCRIPTION OF THE CASE.**

Plaintiff, Patricia Galvin, has brought this case claiming entitlement to long-term disability benefits under the terms of a long-term disability plan obtained through her former employer Heller, Erhman, White & McAuliffe (hereinafter "the Plan") where she was employed as an attorney. The Plan at issue is governed by the provisions of the Employee Retirement Income Security Act of 1974 (ERISA) 28 U.S.C. section 1001, *et seq*.

In January of 2003, plaintiff filed a claim for long-term disability benefits claiming that she was totally disabled. Plaintiff's claim for disability benefits was sent to defendant Provident Life and Accident Insurance Company (hereinafter "UNUM"), the claim administrator under the Plan.

After receipt and review of the claim for disability benefits, defendant UNUM denied plaintiff's claim on or about August 21, 2003. UNUM's decision to deny benefits was upheld on administrative appeal.

On or about October 6, 2006, plaintiff requested that defendant UNUM reassess her

claim for long term disability benefits under the provisions of the California Settlement Agreement (hereinafter the "CSA") which defendant UNUM entered into with the California Department of Insurance.[1]

On or about June 18, 2007, defendant UNUM determined that the decisions to deny plaintiff's claim(s) were appropriate.

## LEGAL ISSUES.

One factual issue in dispute between the parties is whether plaintiff is/ was totally disabled under the terms of the Plan. An additional factual dispute involves whether plaintiff is entitled to disability benefits under the terms of the Plan.

The principal legal issues in dispute are: 1) the proper standard and scope of review this Court should apply in resolving this case and how the CSA relates to disposition of this question; 2) whether the Court's review is limited to the administrative record or whether consideration of additional evidence will be allowed; 3) whether plaintiff and defendants have fulfilled their respective duties under the terms of the Plan; 4) whether plaintiff is entitled to payment of her claim for disability benefits under the Plan; and 5) whether either party is entitled to attorney's fees under the facts of this case.

## MOTIONS.

The parties presently anticipate that this case will be resolved either by way of a one day court trial, or on cross-motions for summary judgment, depending on the Court's preference. Defendants wish to explore the possibility of filing a preliminary motion to determine the applicable standard of review. No other motions are currently anticipated.

---

[1] Among other things, the CSA provided that UNUM would provide certain claimants with an opportunity to have the denial of their long term disability claims re-reviewed and set forth a standard of review for such claims.

JOINT CASE MANAGEMENT STATEMENT
ACTION NO: C 07-05195 JF

3

**AMENDMENT OF PLEADINGS.**

The parties do not anticipate amending their respective pleadings at this time.

**EVIDENCE PRESERVATION.**

Except as otherwise noted herein discussed below, the parties presently anticipate that the evidence in this case will consist only of the administrative record. As such, they are presently unaware of any issues relating to evidence preservation.

**DISCLOSURES.**

Plaintiff and defendant UNUM have made their initial disclosures pursuant to Civil Local Rule 16-5. The documents are numerous and parties are currently reviewing them to ascertain if any other documents should be disclosed.

**DISCOVERY.**

Plaintiff requests an allowance of discovery by interrogatories, requests for production, requests for admissions and depositions of various claims/ medical personnel involved in the claims decisions in this matter. Defendants contend that discovery is improper because the Court's review will be limited to the administrative record before UNUM at the time of its claims decision(s).

**RELIEF.**

The disability plan at issue provides that subject to certain offsets and a ninety (90) day eliminations period, plaintiff shall receive two thirds of her monthly earnings if she is "disabled" under the terms of the plan. At issue are benefits from January of 2003 through the present, less applicable offsets. Additionally, should she prevail, plaintiff will be seeking interest on her unpaid benefits and an award of attorney's fees pursuant to 29 U.S.C. § 1132(g).

**SETTLEMENT AND ALTERNATE DISPUTE RESOLUTION.**

Since the initial case management conference, this matter has been assigned to the Court's mediation program. Michael Loeb of JAMS has been appointed as mediator. The

---

JOINT CASE MANAGEMENT STATEMENT
ACTION NO: C 07-05195 JF

parties have had an initial conference with the mediator and are in the process of selecting a date for mediation. It is anticipated that mediation will take place in late April or early May, 2008. As such, the parties request that the case management conference currently scheduled for April 4, 2008, be continued for approximately forty five (45) days to allow time for mediation.

**CONSENT TO MAGISTRATE JUDGE.**

The parties do not consent to a magistrate judge conducting all further proceedings in this matter.

**OTHER REFERENCES.**

The parties do not believe this matter is appropriate for binding arbitration or any other type of reference.

**NARROWING OF ISSUES.**

As set forth above, this is a relatively straight forward ERISA denial of benefits case. With the possible exception of determining what standard of review the court will apply to this matter, the parties do not currently perceive a need for further narrowing of the issues to be resolved.

**SCHEDULING.**

As previously noted, the parties request that the case management conference currently scheduled for April 4, 2008, be continued for approximately forty five (45) days to allow time for mediation.

The parties request a trial date in the latter part of 2008. This trial date will allow for all appropriate summary judgment motions to be concluded in this case. It will further allow the parties to explore the possibility of settlement with the benefit of the information obtained through their initial disclosures and discovery.

The parties expect this will be a court trial and estimate it will last one day.

---

JOINT CASE MANAGEMENT STATEMENT
ACTION NO: C 07-05195 JF

5

**DISCLOSURE OF NON-PARTY INTERESTED ENTITIES.**

Pursuant to Local Rule 3-16 (b)(3) the parties certify that no interests are known other than the following:

Plaintiff: Patricia J. Galvin.

Defendants: Provident Life and Accident Insurance Company; Heller, Ehrman, White & McAuliffe Group Long Term Disability Plan.

Respectfully submitted,

**ROBOOSTOFF & KALKIN**

Dated: March 20, 2008     By: _____/s/_____
                              Scott Kalkin
                              Attorneys for Plaintiff

**KELLY, HERLIHY & KLEIN LLP**

Dated: March 20, 2008     By: _____/s/_____
                              John C. Ferry
                              Attorneys for Defendants
                              Provident Life and Accident Insurance
                              Company as Administrator and Fiduciary
                              of the Group Long Term Disability Plan
                              for Heller, Erhman, White & McAuliffe, and
                              the Group Long Term Disability Plan
                              for Heller, Erhman, White & McAuliffe