**E-Filed 8/13/2010**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PATRICIA GALVIN,<br><br>            Plaintiff,<br><br>      v.<br><br>PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY, as Administrator and Fiduciary of the Group Long Term Disability Plan for Heller, Ehrman, White & McAuliffe; and THE GROUP LONG TERM DISABILITY PLAN FOR HELLER, EHRMAN, WHITE & MCAULIFFE,<br><br>            Defendants. | Case Number C 07-5195 JF (PVT)<br><br>**ORDER[1] RE PRODUCTION OF CONFIDENTIAL SETTLEMENT AGREEMENT BETWEEN GALVIN AND HELLER, EHRMAN, WHITE & MCAULIFFE**<br><br>Re. docket no. 49 |

      On July 17, 2009, this Court entered judgment in favor of Plaintiff Patricia Galvin ("Galvin") and indicated that "[i]f the parties [we]re unable to agree as to the method of calculating the benefits owed to Galvin, including any interest or applicable offsets, the Court w[ould] hold a further hearing for that purpose." Dkt. 44 at 23. The parties have been unable to reach such an agreement, and Galvin now moves for a computation of benefits consistent with

---

[1] This disposition is not designated for publication in the official reports.

Case Number C 07-5195 JF (PVT)
ORDER RE PRODUCTION OF CONFIDENTIAL SETTLEMENT AGREEMENT BETWEEN GALVIN AND HELLER, EHRMAN, WHITE & MCAULIFFE
(JFLC1)

1  her calculations and an award of prejudgment interest at a specified rate.  Defendants Provident
2  Life and Accident Insurance Company and the Group Long Term Disability for Heller, Ehrman,
3  White & McAuliffe (collectively, "Defendants") oppose Galvin's motion and request that the
4  Court order production of a confidential settlement agreement between Galvin and her former
5  employer, Heller, Ehrman, White & McAuliffe ("Heller Ehrman").

6  Defendants contend that they may be entitled to an offset as a result of severance pay
7  awarded to Galvin under the settlement agreement.  It appears to be undisputed that the
8  governing policy provides an offset for "severance pay from the Employer."  Galvin's Motion,
9  Ex. 1 at 18 of 32.  In her reply papers, Galvin requested that if the Court were inclined to order
10 production of the settlement agreement, it first review the document *in camera*.  At the Court's
11 request, Galvin has produced the settlement agreement solely for this Court's *in camera* review.

12 The Court now having reviewed the agreement, it appears that language in paragraph
13 seven on page three contains information relevant to the instant motion for computation of
14 benefits.  Accordingly, in light of the confidential nature of the agreement, the Court requests that
15 Galvin submit a proposal with respect to appropriate safeguards concerning production of the
16 document.  Galvin shall submit this proposal on or before August 18, 2010.  The Court thereafter
17 will issue an order with respect to production of the document.

**IT IS SO ORDERED.**

DATED: 8/13/2010

_____
JEREMY FOGEL
United States District Judge

2